PLAYBOY ENTERPRISES, INC.,
a Delaware corporation,
Plaintiff–Appellant,

v.

Terri WELLES, an individual; Terri Welles, Inc., a California corporation; Stephen Huntington, an individual; Michael Mihalko, an individual; Pippi, Inc., a California corporation, Defendants–Appellees.

Playboy Enterprises, Inc., a Delaware corporation, Plaintiff–Appellee,

v.

Terri Welles, an individual; Terri Welles, Inc., a California corporation, Defendants–Appellants,

and

Stephen Huntington, an individual; Michael Mihalko, an individual; Pippi, Inc., a California corporation, Defendants.

Playboy Enterprises, Inc., a Delaware corporation, Plaintiff–Counter–Defendant–Appellee,

v.

Terri Welles, an individual; Terri Welles, Inc., a California corporation, Defendants–Counter–Claimants–Appellants,

and

Pippi, Inc., a California corporation, Defendant–Appellant.

Playboy Enterprises, Inc., a Delaware corporation, Plaintiff–Counter–Defendant–Appellee,

v.

Terri Welles, an individual, Defendant,

and

Michael Mihalko, an individual; Stephen Huntington, an individual, Defendants–Appellants.

Nos. 00–55009, 00–55229, 00–55537, 00–55538.

D.C. No. CV–98–00413–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Feb. 1, 2002.

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM [1]

Terri Welles cross-appeals the district court's grant of summary judgment as to her counterclaims against Playboy Enterprises International (PEI) for defamation, intentional infliction of emotional distress, unfair competition, and interference with prospective economic advantage.[2] Michael Mihalko, Stephen Huntington, and Welles appeal the district court's denial of their requests for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the facts are known to the parties, we do not recite them here. We review the district court's grant of summary judgment de novo.[3] Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.[4] We may affirm on any ground supported by the record.[5]

■ As to Welles' claims of defamation, we affirm the district court's grant of summary judgment on the ground that Welles is a limited purpose public figure. The trademark dispute involved in this litigation—the controversy—is a public one.[6] Welles voluntarily placed herself in the center of the public controversy by making various media appearances, by commenting on the controversy in the media and on her website, and by listing articles on her website regarding the metatag issue.[7] Because Welles is a public figure, albeit for the limited purpose of this controversy, the district court correctly required that she

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. We address PEI's appeal in a separate, published opinion.

3. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000).

4. *Id.*

5. *Guidroz–Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir.2001).

6. *See Gertz v. Welch*, 418 U.S. 323, 352, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

7. *See Mattel, Inc. v. MCA Records, Inc.*, 28 F.Supp.2d 1120, 1162 (C.D.Cal.1998) (noting that private figure status is commonly found in instances in which parties neither sought publicity nor discussed litigation with the media).

demonstrate that a genuine issue of material fact exists regarding PEI's knowledge of the falsity of its statements or its reckless disregard for the truth,[8] and properly held that she did not do so. Accordingly, we affirm.

We also affirm the district court's grant of summary judgment as to Welles' claim for intentional infliction of emotional distress. Although some of PEI's, and particularly Hefner's, conduct towards Welles was reprehensible, it did not rise to the level of extreme and outrageous conduct required for a claim of intentional infliction of emotional distress.[9]

Welles points to nothing in support of her claim for unfair competition, so we affirm the district court's grant of summary judgment on that claim as well. Her claim for intentional interference with prospective economic advantage similarly fails. Welles relies on her claims for defamation or unfair competition to show the requisite wrongfulness of the conduct in question.[10] Because those claims are no longer viable, neither is her intentional interference claim.[11]

█ Finally, we affirm the district court's decision to deny attorney's fees. "Imposition of attorneys' fees is warranted if a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith."[12] The district court did not abuse its discretion when it concluded that fees in this case were unwarranted.[13]

AFFIRMED.

ence itself" (internal quotation marks and citation omitted)).

---

8.  See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 244, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

9.  See *Cochran v. Cochran,* 65 Cal.App.4th 488, 496, 76 Cal.Rptr.2d 540 (1998).

10.  See *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740, 751 (Cal.1995) (explaining that a plaintiff must demonstrate that the alleged interfering conduct is wrongful for some reason "beyond the fact of the interfer-

11.  *Id.*

12.  *Avery Dennison Corp. v. Sumpton,* 189 F.3d 868, 881 (9th Cir.1999) (internal quotation marks and citation omitted).

13.  See *Rolex Watch, U.S.A., Inc. v. Michel Co.,* 179 F.3d 704, 711 (9th Cir.1999) (setting forth standard of review).